ORDER
WRIT DENIED: There is no clear error or clear abuse of discretion in the trial court’s ruling.
We do not read Coy v. Iowa, — U.S. —, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988), as precluding any exceptions to the rights conferred by the Confrontation Clause. However, we believe that if there is to be an exception to the exercise of these fundamental rights, it must be created by a statute designed to procedurally accommodate the competing interests which are involved and only after an individualized finding is made that a witness requires special protection.
La.R.S. 15:283, which provides procedural safeguards to protect a child witness, who may have been physically or sexually abused, specifically applies only to a child under fourteen years of age. The child witness in the instant case was 17 .years of age at time of trial. Therefore, La.R.S. 15:283 has no application to the case at bar.
We do not consider that an exception to the rights conferred by the Confrontation Clause can be fashioned by a trial court based upon its general authority to control proceedings in such a fashion that justice is done.